SCOTT N. SCHOOLS (SC 9990)
United States Attorney

BRIAN J. STRETCH (CABN 163973)

WILLIAM FRENTZEN (LABN 24421)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6959
FAX: (415) 436-6753
Email: william.frentzen@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FLOYD A. BARROW, ) <br> ) <br> Defendant. ) <br> _____ ) | No. CR 07-403 (MMC) <br><br> **UNITED STATES' SENTENCING MEMORANDUM** |

The government hereby respectfully submits that the Court should sentence defendant to serve a term of imprisonment of 92 months to be followed by a term of supervised release of 3 years. The government agrees with the probation officer that neither a fine nor restitution is appropriate. This sentence would not constitute an upward departure. Rather, it is the natural consequence under the Sentencing Guidelines given defendant's clear efforts to mislead the Court as to a material issue. At a minimum, the Court should sentence defendant to 71 months.

The basis for the government's recommendation is as follows. This is the defendant's fifth adult criminal conviction. The first related to selling crack cocaine at a playground. The

second related to selling crack cocaine from the residence of an elderly individual. The fourth related to an attack on a security guard where the defendant went for the guard's weapon. The instant offense involved shots being fired and SFPD officers responding. At the time they saw the defendant, he ditched the firearm into a vehicle and immediately ran from the police. When he was caught, he had on gloves. While he was fortunate to have the state charges dismissed due to a supposed lack of evidence, DNA evidence subsequently determined that his DNA was almost absolutely part of a mixture on the firearm – only 1 in over 500,000 African-American individuals could be part of the mixture. The firearm possessed by defendant Barrow was one of many purchased in Arizona by former San Francisco resident Philip Farnsworth-McCorvey which have surfaced in the hands of gang members in the Western Addition. Due to his gun-running efforts while he resided in Arizona, for which he had "runners" from Arizona to San Francisco, Mr. Farnsworth-McCorvey currently resides with the Bureau of Prisons.

  Much is made of defendant's alleged "rehabilitation" since the commission of the instant offense on July 8, 2005. Defendant also makes too much of his claims that he is not a gang member. Neither of these claims appears true and neither is sufficient to put the defendant at the bottom of the appropriate guideline range which should be saved for the "best of the best" amongst defendants facing that range.

  First, the defendant was arrested pursuant to a warrant based upon the Indictment in this case long after Mr. Barrow had thought he had dodged these charges. At the time that the warrant was executed – therefore a randomly selected window into the daily activities of Mr. Barrow – the defendant was caught at the Hamilton Community Center at 1900 Geary Boulevard. This is the location where the defendant was apparently coaching youngsters to play basketball, for which he wants credit on his sentence. What defendant does not explain to the Court is that he was caught with multiple separately wrapped baggies of marijuana, scales, $550 cash and body armor at the Community Center. The Court should treat the defendant with extreme harshness for endangering any children or anyone else who might be frequenting the Center. If this constitutes commendable rehabilitation, the Court will have set the bar very low indeed.

  Finally, the defendant claims that he is not a gang member but a person who simply

associates with gang members.  This is a false claim.  Superior Court Judge Busch for the Superior Court of California, City and County of San Francisco has recently issued an injunction which names defendant Barrow as a member of the Knock Out Posse, a violent criminal street gang in the Western Addition.  *See* Exhibit A, attached hereto (Exhibit B of the Injunction lists the Gang Members including defendant Floyd Barrow).  This document represents a finding by clear and convincing evidence that defendant Barrow is a member of a gang.  Furthermore, the government will be prepared to offer further video evidence of Mr. Barrow's gangster status at the sentencing hearing[1].  It consists of a video in which Mr. Barrow can be seen harassing a store owner and yelling at the owner that he (Barrow) is not afraid because he is a "gangster."

      The evidence demonstrates that defendant was not truthful with either the probation office nor with the Court.  For this reason, the government submits that the Court should find that he has obstructed justice.  Pursuant to the Sentencing Guidelines, §3C1.1, the Court should increase his offense level by 2 levels for "providing materially false information to a probation officer in respect to a presentence or other investigation for the court," Application Note 4(h), and for "providing materially false information to a judge or magistrate," Application Note 4(f).  The further consequence of defendant's false statements is that "[c]onduct resulting in an enhancement under §3C1.1 ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct."  U.S.S.G. §3E1.1, Application Note 4.  Therefore, defendant should also lose the three-level acceptance of responsibility reduction.  This would leave defendant with an offense level of 26, with Criminal History Category IV, the appropriate sentencing range is 92 to 115.

      For the foregoing reasons, the government respectfully submits that defendant should be sentenced to serve a term of imprisonment of 92 months followed by 3 years of supervised release.  Under no circumstances should he be rewarded for his continual criminal conduct, endangerment of children, and false statements by a sentence of less than 71 months imprisonment.

---

[1] The government is currently obtaining the video from the City Attorney's Office.  It will provide a copy to defendant as soon as it is received by the government.

UNITED STATES' SENTENCING MEMORANDUM           3
No. CR 07-403 MMC

1
2   DATED: December 6, 2007                    Respectfully submitted,
3                                              SCOTT N. SCHOOLS
                                               United States Attorney
4
5                                              _____/s/_____
                                               William Frentzen
6                                              Assistant United States Attorney
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28