BARRY J. PORTMAN
Federal Public Defender
DANIEL P. BLANK
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant BARROW

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. CR 07-0403 MMC |
|---|---|---|
| Plaintiff, | ) | REPLY TO GOVERNMENT'S UNTIMELY SENTENCING MEMORANDUM |
| v. | ) | |
| FLOYD A. BARROW, | ) | Honorable Maxine M. Chesney |
| Defendant. | ) | December 12, 2007 |
|  | ) | 2:30 p.m. |

# INTRODUCTION

Violating the Constitution, Federal Rule of Criminal Procedure 32, and the applicable local rules, the government has filed an untimely sentencing memorandum for the first time raising objections to facts that were in the Draft Presentence, and proffering disputed allegations for the Court to consider at sentencing that were not fairly presented to the U.S. Probation Office for review prior to the issuance of the Final Presentence Report. Accordingly, the Court should disregard entirely the government's sentencing memorandum and the disputed allegations contained therein.

# ARGUMENT

## I. BY FAILING TO OBJECT TO THE PSR, GOVERNMENT IS PROCEDURALLY BARRED FROM ARGUING ALLEGED FACTS AT SENTENCING ABOUT PRIOR CONDUCT NOT CONTAINED IN THE PSR

The government in its late-filed sentencing memorandum for the first time argues extensively that in sentencing Mr. Barrow the Court should take into account inflammatory allegations about a gang affiliation that are disputed by Mr. Barrow and that were neither contained in the Presentence Report nor admitted by Mr. Barrow at the time of his plea. *See* Gov. Memo. at 1-3.[1] However, the government is procedurally barred from making such an argument now, since it failed timely to object to the absence of those alleged facts from the Presentence Report. Accordingly, the Court should sentence Mr. Barrow without regard to those disputed allegations.

Federal Rule of Criminal Procedure 32 provides for a process by which either party can object to information contained in or improperly omitted from the draft Presentence Report within 14 days after receiving it. *See* Fed. R. Crim. P. 32(f)(1).[2] The Probation Office is then required to "revise the presentence report as appropriate," after for example meeting with the parties or conducting further

---

[1] As an initial matter, the Court may as a procedural matter disregard the government's sentencing memorandum filed on December 6, 2007, for the sentencing hearing set for December 12, 2007, because it is untimely under the local rules. *See* N.D. Cal. Crim. L.R. 32-5 (providing that a sentencing memorandum "shall be filed at least 7 days prior to the date set for sentencing").

[2] The Criminal Local Rules set an earlier deadline for submitting "[a]ny material a party wishes the Probation Officer to consider for purposes of the proposed presentence report" of "at least 45 days before the date set for sentencing." N.D. Cal. Crim. L.R. 32-3(c).

REPLY TO GOVERNMENT'S UNTIMELY
SENTENCING MEMORANDUM                - 1 -

investigation. Fed. R. Crim. P. 32(f)(3). At sentencing, the Court then "may permit the parties to introduce evidence on the objections." Fed. R. Crim. P. 32(i)(2). Finally, for any disputed portion of the presentence report or other controverted matter, the Court is required at sentencing to "rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." F.R.Cr.P. 32(i)(3)(B); *see also United States v. Carter,* 219 F.3d 863, 866 (9th Cir. 2000) ("It is well settled in this circuit that when the district court fails to make the required Rule 32 findings or determinations at the time of sentencing, we must vacate the sentence and remand for resentencing.").

The Supreme Court, in its most recent decision regarding the constitutionality of judicial fact-finding under the U.S. Sentencing Guidelines, emphasized the importance of the procedural protections under Rule 32. *See Rita v. United States,* 127 S. Ct. 2456, 2465 (2007) ("Thus, the sentencing court subjects the defendant's sentence to the thorough adversarial testing contemplated by the federal sentencing procedure." (citing Rule 32)). In fact, the constitutionality of such judicial finding of facts not presented to the jury or admitted by the defendant depends upon the sentencing court's strict adherence to those procedural protections. Otherwise, the sentence is susceptible to an as-applied constitutional challenge under the Sixth Amendment. *See id.* at 2479 (Scalia, J., concurring) ("The one comfort to be found in the Court's opinion–though it does not excuse the failure to apply *Martinez's* interpretive principle–is that it does not rule out as-applied Sixth Amendment challenges to sentence that would not have been upheld as reasonable on the facts encompassed by the jury verdict or guilty plea.").

Here, for example, the Draft Presentence Report stated that Mr. Barrow "indicated that he is considered by law enforcement agencies to be a gang member because he is from a housing complex controlled by a gang (Knock Out Posse), but he stated that he never joined the gang and pointed out that he has no tattoos that would normally signify gang membership." Draft PSR ¶ 78. Finding no evidence that Mr. Barrow was in fact a member of any gang, the Draft PSR recommended that Mr. Barrow receive full credit for acceptance of responsibility and recommended no adjustment for

obstruction of justice. Draft PSR ¶¶ 25-26, 33-6. In response to the Draft Presentence Report, the government did not offer any objection to these proposed guideline calculations or ever produce any evidence to suggest that Mr. Barrow was actually a gang member. The Final Presentence Report includes these same proposed guideline adjustments and recommends a sentence of 57 months, at the low end of the applicable range. PSR Recommendation at 1-2.

Nevertheless, the government now seeks to make an end run around the procedural protections of Rule 32 by simply making the inflammatory assertion in its sentencing memorandum, without any factual support in the Presentence Report, that Mr. Barrow is indeed a member of the Knock Out Posse and that he should receive an upward adjustment for obstruction of justice based upon his statement that he is not a gang member and should also be denied any credit for acceptance of responsibility on that same basis. *See* Gov. Memo. at 3.

Had the government made a timely objection pursuant to Rule 32 and at that time submitted any supporting materials, the Probation Officer could then have met with the parties or done further investigation to resolve the dispute, and if the Probation Officer could not resolve it the Court at sentencing could have done so. Instead, the government failed to do so, denying Mr. Barrow the procedural protections of Rule 32, which under *Rita* are required for judicial fact-finding under the U.S. Sentencing Guidelines to be constitutional.

Thus, the government invites the Court to make constitutional error by judicially finding facts relevant to sentencing that were not presented to a jury at trial, admitted in a guilty plea, or contained in the Presentence Report. As explained in detail below, even if the Court were to consider substantively the allegations in the government's sentencing memorandum, they fall far short of the standard of proof required to increase his sentence. More importantly, in the present procedural posture, to consider them at all would violate both Rule 32 and the Sixth Amendment, as well as the applicable local rules. Instead, the Court should decline the government's invitation and sentence Mr. Barrow without regard to those disputed allegations.

///

## II. PRELIMINARY INJUNCTION DOES NOT DEMONSTRATE GANG MEMBERSHIP

Even if the Court is inclined to consider the substance of the government's untimely proffer, the Court should reject the government's recommendation that Mr. Barrow receive an upward adjustment for obstruction of justice and be denied credit for acceptance of responsibility on the basis of a preliminary injunction naming Mr. Barrow among 41 other suspected gang members. The government argues that the issuance of this preliminary injunction proves "by clear and convincing evidence that the defendant Barrow is a member of a gang." Gov. Memo. at 3 (no citation to any portion of the preliminary injunction). However, this argument is both procedurally and substantively flawed.

As an initial matter of procedural due process, undersigned counsel for Mr. Barrow was not given notice of the hearing that resulted in the preliminary injunction naming him among others as a gang member or an opportunity to be heard at that hearing in order to contest the allegation that Mr. Barrow is in fact a member of any gang. This lack of notice and opportunity to be heard violates the most basic tenants of fundamental fairness. *See, e.g., Matthews v. Eldridge,* 424 U.S. 319, 333 (1976) (holding that due process requires notice of a hearing affecting a person's rights and a meaningful opportunity to be heard). The order granting the preliminary injunction itself notes that only eight of the twelve named alleged members of the Knock Out Posse were served with notice of the motion for a preliminary injunction and does not name Mr. Barrow as one of those served, even though Mr. Barrow was in federal custody and represented by undersigned counsel at that time. *See* Gov. Memo. Exh. A [hereinafter "Prelim. Injunc."] at 3:22 & n.1. In addition, as a second procedural matter, the standard of proof for a "preliminary" injunction, where impact on the rights of the named persons remains to be decided shortly in the context of a permanent injunction, is much lower than for a criminal sentencing where the government seeks to add 35 months to the sentence recommended by U.S. Probation. The government does not even make an argument to the contrary.

Moreover, as a substantive matter, it appears that the only evidence regarding gang membership presented in support of the motion for a preliminary injunction were the declarations of

REPLY TO GOVERNMENT'S UNTIMELY
SENTENCING MEMORANDUM                     - 4 -

two purported "experts" on gangs. *Id.* at 5:14-17.  Of course, Mr. Barrow was not given any opportunity to challenge the qualifications of these alleged experts or the bases of their opinions, if any, or to confront or cross-examine them in any way.  The order granting the preliminary injunction does not identify any particular evidence against Mr. Barrow. *See generally id.*  Nor does the government in its untimely sentencing memorandum give any clue as to what evidence was presented against Mr. Barrow.

Presumably, the only evidence was that Mr. Barrow is a young, African-American male who lived in the housing complex controlled by the Knock Out Posse and that some of his friends and cousins are members of that gang.  Such evidence may be enough to get a preliminary injunction in a civil matter in San Francisco Superior Court but the government cites no authority in support of the proposition that it is enough to double Mr. Barrow's criminal sentence in U.S. District Court.  Had the government complied with the procedural requirements of Rule 32 discussed above, the U.S. Probation Office could have investigated this disputed matter and proposed a resolution.  However, because the government lay in wait, without objecting to the Draft Presentence Report, the Court has been denied the benefit of any investigation by the U.S. Probation Office.  Accordingly, the Court should disregard the disputed allegations in the government's memorandum.

## CONCLUSION

For the aforementioned reasons, the Court should disregard the contested allegations in the government's untimely sentencing memorandum.  Instead, the Court should, for the reasons set forth in his opening sentencing memorandum impose on Mr. Barrow a sentence of 36 months.

Dated: December 6, 2007

        Respectfully submitted,

        BARRY J. PORTMAN
        Federal Public Defender

          /S/

        DANIEL P. BLANK
        Assistant Federal Public Defender